UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CRIMINAL CASE NO. 19-33-DLB-HAI-1**
**CIVIL ACTION NO. 23-112-DLB-HAI**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

v.                                                          **ORDER**

**PIERRE R. TAYLOR**                                                                                **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.     INTRODUCTION

This matter is before the Court upon Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. # 702), Defendant's Motion to Appoint Counsel (Doc. # 714), and Defendant's Motion to Disclose Communications (Doc. # 720). On January 11, 2024, Magistrate Judge Hanly I. Ingram filed a Report & Recommendation ("R&R"), wherein he recommends that Defendant's Motion to Vacate be denied as untimely, and Defendant's Motion to Appoint Counsel be denied because his 2255 Motion is futile. (Doc. # 731). On February 15, 2024, Defendant filed Objections to the R&R (Doc. # 732), and on February 21, 2025, Defendant filed a Motion to Expedite Decision on Pending Motion (Doc. # 738). For the following reasons, Defendant's Objections (Doc. # 732) are **overruled**, the R&R (Doc. # 731) is **adopted** as the Opinion of the Court, and Defendant's Motion to Vacate (Doc. # 702) is **denied**. Defendant's Motion to Appoint Counsel (Doc.

1

# 714) is **denied**. Defendant's Motion to Disclose Communications (Doc. # 720) is **denied**. Additionally, Defendant's Motion to Expedite (Doc. # 738) is **denied**.[1]

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On August 4, 2020, Defendant pled guilty to one count of Engaging in a Continuing Criminal Enterprise. (Doc. # 535). On April 5, 2021, Defendant was sentenced by this Court to serve 240 months in prison, followed by 5 years of supervised release. (Doc. # 632). At the time, Defendant was still in the hospital following complications from contracting the Covid-19 virus. After obtaining Defendant's consent, and determining that he was competent, his sentencing was conducted over video. (Docs. # 626 and 631). Defendant is currently housed at FCI Loretto, in Loretto, Pennsylvania. *Inmate Locator: Pierre R. Taylor*, Federal Bureau of Prisons, https://kyed-ecf.sso.dcn/cgi-bin/DktRpt.pl?103193808414181-L_1_0-1 (last visited May 19, 2025).

On February 1, 2022, Defendant filed his first motion to vacate under 28 U.S.C. § 2255. (Doc. # 642). The following day, Judge Ingram conducted his preliminary review of Defendant's Motion. (Doc. # 644). After noting that Defendant's motion did not comply with Rule 2(b)(5) of the Rules Governing 2255 Proceedings (requiring that the petition be "signed under penalty of perjury by the movant . . ."), Judge Ingram ordered Defendant to submit a corrected, signed motion by March 3, 2022. (*Id.*). No such corrected motion was ever filed. On August 30, 2022, this Court entered an order adopting Judge Ingram's recommendation to deny Defendant's 2255 motion due to Defendant's failure to file a signed motion. (Doc. # 668). On March 3, 2023, Defendant filed a "Request for Status Report on a 29 U.S.C. § 2255 Sent Via Prison mailbox Rule Sent on or About 9/3/2021."

---

[1]   Defendant also has a pending Motion for Return of Property (Doc. # 698), which will be addressed in a later order.

(Doc. # 676). On May 22, 2023, Defendant requested a copy of the docket sheet. (Doc. # 680). A courtesy copy of the docket sheet was sent to Defendant that same day. Almost a full year after his first 2255 motion was dismissed, Defendant filed the instant Motion to Vacate on August 28, 2023. (Doc. # 702). This 2255 Motion is signed under penalty of perjury and dated March 1, 2022. (*Id.* at 13).

Pursuant to 28 U.S.C. § 636(b)(1)(B), and consistent with local practice, this Motion was referred to Judge Ingram to issue a recommended disposition. Judge Ingram determined that Defendant's Motion was untimely, and that equitable tolling was not warranted in this instance. (Doc. # 731 at 3–5). Additionally, Judge Ingram found that Defendant should not receive the benefit of the prison mailbox rule because he did not comply with his prison's legal mail protocols, and even if he had, Defendant has presented no evidence that he made a timely filling. (*Id.* at 5–6).

### III. ANALYSIS

#### A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." Under Federal Rule of Criminal Procedure 59(b)(2), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations." The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3); *see also* 28

U.S.C. § 636(b)(1)(C).  Failure to object is considered a waiver of the party's right to review.  Fed. R. Crim. P. 59(b)(2).

The purpose of objections is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  Therefore, objections to the R&R must be specific, they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object." *Fields v. Lapeer 71-A District Court Clerk*, F. App'x 481, 482–83 (6th Cir. 2001).  "Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *United States v. Vanover*, No. 2:10-cr-00014, 2017 WL 135628, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)) (internal quotation marks omitted).

### B.     Equitable Tolling

The federal habeas statute has a one year limitations period.  28 U.S.C. § 2255(f).  It is not disputed that Defendant's 2255 Motion is out of time.  (Doc. # 729).  However, Defendant argues that he is entitled to equitable tolling.  (Doc. # 732).  "A habeas petitioner is entitled to equitable tolling only if two requirements are met." *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 749 (6th Cir. 2011).  "First, the petitioner must establish 'that he has been pursuing his rights diligently' . . . '[a]nd second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.*  (internal citations omitted) (quoting *Holland v. Florida*, 560 U.S. 631, 177 (2010))

4

Judge Ingram found that Defendant did not exercise reasonable diligence in pursuing his rights, thus he is not entitled to equitable tolling. (Doc. # 731 at 4–5). This was in spite of Defendant's claim that he mailed a corrected 2255 motion prior to the March 3, 2022, deadline. (*Id.*). Even if Defendant's claim is true, Judge Ingram noted that Defendant waited over four months, after he allegedly mailed his corrected first 2255 motion, to request another 2255 form. (*Id.*). Then, Defendant waited another eight months to finally inquire about the status of his first 2255 motion on March 21, 2023. (*Id.*; Doc. # 676). The complete lack of any substantive activity from March of 2022 to March of 2023 led Judge Ingram to the conclusion that Defendant did not diligently exercise his rights during that period. (Doc. # 731 at 4–5).

Defendant argues that the time he spent obtaining affidavits from Robin Owens and Daja Bishop, to be used as substantive evidence in his habeas case, evinces a diligent pursuit of his rights. (Doc. # 732 at 2 referencing Doc. # 702, Exhibits A and B). Both of these affidavits are signed and dated February 20, 2022. (*Id.*). And while they could be considered evidence that Defendant was diligent from February 2, 2022, to March 3, 2022, they are not evidence that Defendant was diligent from March 3, 2022, to August 28, 2023.

This leaves as the only evidence that Defendant exercised reasonable diligence during that period: (1) the date and signature at the bottom of Defendant's 2255 Motion (Doc. # 702 at 13); and (2) Defendant's statement attached to his Motion wherein he states that this 2255 Motion is a copy of the motion he placed in the mailbox in March of 2022 (Doc. # 702-1). Even if this Court were to credit Defendant's representations that he mailed a corrected 2255 Motion in March of 2022, Defendant's request for equitable

5

tolling would fail because Defendant cannot explain away the fact that from March of 2022 to March of 2023, the only action that Defendant engaged in to pursue his rights under 2255, was to request a form for filing another 2255 motion. (Doc. # 731 at 4). As Judge Ingram said, "a movant who passively awaits a decision does not exercise reasonable diligence." (Doc. # 731 at 4 (quoting *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002))).[2] Defendant is not entitled to equitable tolling.

### C. Prison Mailbox Rule

The prison mailbox rule provides that:

> A paper filed by an inmate confined to an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d) of the Rules Governing Section 2255 Proceedings.

Judge Ingram found that Defendant was not entitled to the benefit of the prison mailbox rule for two reasons. First, the rule requires an inmate to use the prison mail system designed for legal mail, if the institution has one. (Doc. # 731 at 5 (citing Rule 3(d))). Judge Ingram determined that Defendant did not follow the Bureau of Prisons' ("BOP") legal mail procedures, such as "visiting the mail room and having legal mail be received by mail room staff and recorded in the institution's logbook." (Doc. # 731 at 5). Second, even if Defendant's prison did not have these procedures in place, Judge Ingram

---

[2] Defendant's Objections also detail why "extraordinary circumstances" beyond his control kept him from meeting the statutory time limit. (Doc. # 732 at 3). Because Defendant has failed to show reasonable diligence, Judge Ingram did not address whether extraordinary circumstances existed. (*See* Doc. # 731). This Court agrees with Judge Ingram that no analysis of extraordinary circumstances is necessary.

found that the prison mailbox rule would still be unavailable to Defendant because he did not provide evidence that his filing was timely deposited with pre-paid, first-class postage. (*Id.* at 6).

Defendant argues that he was unable to comply with BOP procedures for legal mail due to modified operating procedures adopted by prisons around the country in response to the pandemic. (Doc. # 732 at 4). However, as Judge Ingram has already explained, even if Defendant's institution did not have specific procedures for legal mail, Defendant still cannot avail himself of the prison mailbox rule because he has not offered a declaration, under penalty of perjury, that the postage was pre-paid for the corrected 2255 motion that he allegedly mailed in March of 2022. (Doc. # 731 at 6). This failure to comply with Rule 3(d)'s requirements is fatal to Defendant's claim that he is entitled to the benefit of the prison mailbox rule. Therefore, Defendant's Motion to Vacate (Doc. # 702) is **denied**.

### D. Motion to Appoint Counsel

Judge Ingram recommends that Defendant's Motion to Appoint Counsel be denied because "his section 2255 motion is futile and therefore justice does not require the appointment of counsel in this case." (Doc. # 731 at 6). Defendant did not object to Judge Ingram's recommendation on this point (*see* Doc. # 732), which means that the Court will consider his objections waived and adopt Judge Ingram's recommendation. *Arn*, 474 U.S. at 150. Accordingly, Defendant's Motion to Appoint Counsel is **denied**.

### E. Motion to Disclose Communications

In response to Defendant's 2255 Motion, the United States filed a Motion for an Order Finding Waiver of Attorney-Client Privilege. (Doc. # 707). In his Response to the

United States's motion, Defendant requested that the United States provide him with "copies of any and all documents and or information that [his former attorney] chooses to share with the government related to his representation of the defendant." (Doc. # 720). To the extent that this can be construed as a motion, it is moot, given the fact that Defendant's 2255 Motion has been denied as untimely. Therefore, Defendant's Motion to Disclose Communications (Doc. # 720) is **denied**.

### F.    Motion to Expedite

Because the Court has resolved Defendant's 2255 motion, Defendant's Motion to Expedite its Decision on Pending Motion (Doc. # 738) is now moot. Accordingly, Defendant's Motion to Expedite is **denied**.

### G.    No Certificate of Appealability

Lastly, the Court will consider Judge Ingram's recommendation regarding a Certificate of Appealability. Notably, Defendant has not addressed this section of the R&R in his objections (*see* Doc. #732), which means that the Court will consider his objections waived and adopt Judge Ingram's findings of law and fact. *Arn*, 474 U.S. at 150. Thus, no Certificate of Appealability will issue with respect to this Order.

## IV.    CONCLUSION

Accordingly, **IT IS ORDRED** that:

(1)    Defendant's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. # 702) is **DENIED**;

(2)    Defendant's Motion to Appoint Counsel (Doc. # 714) is **DENIED**;

(3)    Defendant's Motion to Disclose Communications (Doc. # 720) is **DENIED**;

8

(4) Defendant's Objections (Doc. # 732) to Judge Ingram's Report and Recommendation are **OVERRULED**;

(5) Judge Ingram's Report and Recommendation (Doc. # 731) is **ADOPTED** as the findings of fact and conclusions of law of the Court;

(6) Defendant's Motion to Expedite Decision Making on Pending Motion (Doc. # 738) is **DENIED**;

(7) The Court determines there would be no arguable merit for appeal in this matter, and therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**;

(8) This matter is **DISMISSED WITH PREJUDICCE** and **STRICKEN** from the Court's active docket; and

(9) An accompanying Judgment shall be entered contemporaneously herewith.

This 23rd day of May, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Covington Criminal\2019\19-33-1 Order Adopting R&R 731.Docx