**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL CASE NO. 19-33-DLB-CJS-1**

**UNITED STATES OF AMERICA**                                  **PLAINTIFF**

**v.**                             **ORDER**

**PIERRE R. TAYLOR**                                        **DEFENDANT**

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

**I.    INTRODUCTION**

This matter is before the Court upon Defendant's Motion for Return of Property. (Doc. # 698). On April 8, 2024, Magistrate Judge Candace J. Smith filed a Report & Recommendation ("R&R"), wherein she recommends that Defendant's Motion for Return of Property be denied. (Doc. # 734). On June 30, 2024, Defendant filed Objections to the R&R. (Doc. # 735). For the following reasons, Defendant's Objections (Doc. # 735) are **overruled**, the R&R& (Doc. # 734) is **adopted** as the Opinion of the Court, and Defendant's Motion for Return of Property (Doc. #698) is **denied**.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

On April 11, 2019, Defendant was indicted in the Eastern District of Kentucky on one count of conspiracy to distribute narcotics in violation of 21 U.S.C. § 841(a)(1) and § 846. (Doc. # 1). On April 12, 2019, Drug Enforcement Agency ("DEA") agents seized a 2007 Bentley Continental GTC from an address on Sunrise Meadow Drive, in Las Vegas, Nevada. (Doc. # 699-2). The Bentley was owned by Defendant. (*Id.*). That same day, DEA agents seized $860,704.00 in United States currency from Defendant at an address

on East Freedom Way, in Cincinnati, Ohio.  (*Id.*).  The Bentley was administratively forfeited, pursuant to 19 U.S.C. § 1609, on August 27, 2019.  (*Id.*).  The $860,704.00 in cash met the same fate on September 6, 2019.  (*Id.*).

On October 10, 2019, a federal grand jury returned a Second Superseding Indictment charging Defendant with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848.  (Doc. # 263).  The Second Superseding Indictment also contained a forfeiture allegation which included the 2007 Bentley and the $860,704.00 in cash.  (*Id.*).  On August 4, 2020, Defendant pled guilty to one count of engaging in a continuing criminal enterprise.  (Doc. # 535).  In his Plea Agreement, Defendant agreed that he "will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Second Superseding Indictment."  (Doc. # 536).  On August 7, 2020, the Court entered a Preliminary Judgment of Forfeiture, which acknowledged that the Bentley and the $860,704.00 in cash were administratively forfeited.  (Doc. # 542).

On April 5, 2021, Defendant was sentenced by this Court to serve 240 months in prison, followed by 5 years of supervised release.  (Doc. # 632).  At the time, Defendant was still in the hospital following complications from contracting the Covid-19 virus, accordingly, his sentencing was conducted over video.  (Doc. # 631).  Defendant is currently housed at FCI Loretto, in Loretto, Pennsylvania.  *Inmate Locator: Pierre R. Taylor*, Federal Bureau of Prisons, https://kyed-ecf.sso.dcn/cgi-bin/DktRpt.pl?103193808414181-L_1_0-1 (last visited June 30, 2025).

### III.   ANALYSIS

Defendant filed the instant Motion on July 23, 2023.  (Doc. # 698).  He argues that the Court should set aside the administrative forfeitures of his Bentley and his currency

because he was not given proper notice under 18 U.S.C. § 983 and the Due Process Clause of the Fifth Amendment.  (*Id.*).  Judge Smith issued the R&R on April 8, 2024, wherein she recommends that Defendant's Motion be denied.  (Doc. # 734).  Judge Smith found that the Defendant had actual notice of the seizure and could not therefore challenge the forfeiture under 18 U.S.C. § 983(e).  (*Id.*).  Additionally, she found that even if a due process claim were available, despite the fact that § 983(e) is the "exclusive remedy for seeking to set aside a declaration of forfeiture," due process was satisfied because Defendant had actual notice of the seizure and the DEA took steps which were "reasonably calculated under the circumstances to provide notice of the administrative forfeiture proceedings to [Defendant] . . . ." 18 U.S.C. § 983(e)(5); (Doc. # 734 at 8–11).

### A.    Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion."  Under Federal Rule of Criminal Procedure 59(b)(2), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations."  The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation."  Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  Failure to object is considered a waiver of the party's right to review.  Fed. R. Crim. P. 59(b)(2).

The purpose of objections is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Thomas v. Arn*,

474 U.S. 140, 147 (1985). Therefore, objections to the R&R must be specific, they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object." *Fields v. Lapeer 71-A District Court Clerk*, F. App'x 481, 482–83 (6th Cir. 2001). "Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *United States v. Vanover*, No. 2:10-cr-00014, 2017 WL 135628, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)) (internal quotation marks omitted).

### B.     18 U.S.C. § 983

With Respect to Defendant's claim that he did not have notice under 18 U.S.C. § 983(e), Judge Smith found that Defendant received notice. (Doc. # 734 at 4–8). She first noted that the proper inquiry is not whether the Defendant had notice of the forfeiture proceedings, but rather it is whether the party received notice of the seizure. (*Id.* at 4 (collecting cases)). Judge Smith's finding that Defendant had actual notice of the seizure, was based on the following facts: (1) the fact that Defendant was at his Cincinnati residence where the currency was seized, based on a review of the record and Defendant's own admissions; (2) the two affidavits of DEA attorneys, David Zekoski and Vicki Rashid, stating that notice of the Bentley and currency forfeiture was sent to "all parties who may have a legal or possessory interest in the property"; and (3) the fact that Defendant filed a Petition for Remission with the DEA seeking the return of his Bentley. (*Id.*).

### *1.     Government Provided Sufficient Evidence of Notice*

In Defendant's first Objection, he argues that the "mere assertion[] by the Government" of proper notice, "without supporting documentation" is insufficient to establish proper notice.  (Doc. # 735 at 2).  Defendant argues that the United States' "unsupported assertion" that notice of the administrative forfeiture was sent to him at the Campbell County Detention Center, without the return receipts, is insufficient to establish that he had notice of the forfeiture.  (*Id.* (citing *Chairez v. United States*, 335 F.3d 1099, 1101 (7th Cir. 2004) ("the government's bare assertion that it had mailed notice, without more, was insufficient to establish actual notice[]"))).

Defendant's first Objection lacks merit.  The United States must only establish that the Defendant had notice of the seizure, not the administrative forfeiture itself.  *Miller v. Drug Enforcement Admin.*, 566 F. App'x 395, 397 n.2 (6th Cir. 2014) ("Under the plain language of [18 U.S.C. § 983], it is irrelevant whether Plaintiff had actual notice of the *forfeiture proceedings*, and his attempt to so argue is misguided.  It is only Notice of the seizure that is controlling.") (emphasis in original).  Contrary to Defendant's argument, the United States has provided evidence of actual notice of the seizure.  In addition to the affidavits filed by two DEA agents stating that notice was sent to all interested parties, the United States also provided evidence of actual notice by pointing to the fact that Defendant was at his Cincinnati location when the funds were seized, and that Defendant filed a petition for remission with the DEA.  (Doc. # 734 at 5–7).  Accordingly, this Objection is **overruled**.

### 2. *Defendant's Presence During the Seizure, Combined with the Additional Evidence Proffered, Establishes Actual Notice*

Defendant next argues that his "[m]ere presence" at the seizure does not satisfy the notice requirement. (Doc. # 735 at 3–4). This argument is also unpersuasive. Judge Smith's finding that Defendant had notice of the seizure was based on more than Defendant's "mere presence" during the seizure. (Doc. # 734 at 5–7). Defendant's presence, his petition for remission, and the DEA affidavits, taken together, provide sufficient evidence to establish that Defendant had actual notice.

Defendant also argues that it was improper for Judge Smith to "rely on the search warrant inventory and Presentence Investigation Report . . . to establish [Defendant's] presence. . . ." (Doc. # 735 at 3). This is because "notice of forfeiture proceedings must be given in sufficient time to allow a claimant to decide whether to contest the forfeiture, to take the necessary steps to do so, and to prepare for a hearing." (*Id.* (quoting *United States v. Rodgers*, 108 F.3d 1247, 1251 (10th Cir. 1997))). The Court does not quite understand Defendant's point here. However, Judge Smith was justified in finding that Defendant was present at the seizure, based on Defendant's own statement that he "was arrested on April 12, 2019. At the time the above listed assets were seized []," the warrant inventory, and the Presentence Investigation Report. (Doc. # 735 at 5). With regard to *Rodgers*, both Judge Smith and this Court have already explained that notice of the forfeiture proceedings is not necessary, only notice of the seizure is required. Therefore, this Objection is **overruled**.

6

### 3. *Defendant's Petition for Remission, Combined with Other Evidence, Establishes that Defendant had Notice*

Defendant next argues that the mere fact that he filed a petition for remission with the DEA, does not mean that he waived his right to contest the forfeiture of his property. (Doc. # 735 at 4–5). In support of his argument, Defendant points to out-of-circuit caselaw to underline his point that a petition for remission is not a substitute for adequate notice in a forfeiture proceeding. (*Id.*). Judge Smith did not find that Defendant's decision to seek remission constituted a waiver of his right to challenge the forfeiture. Rather, she found that the content of his remission petition was evidence that Defendant had actual notice of the seizure of his Bentley. (Doc. # 735 at 7) (noting Taylor's explicit acknowledgement in his petition for remission that his Bentley was "seized by DEA on April 12, 2019, in Las Vegas NV[]") (quoting Doc. # 699-3 at 4). It was not improper for Judge Smith to consider the content of Defendant's petition for remission when she found that Defendant had actual notice. Accordingly, this Objection is **overruled**.

### C. Due Process

In her R&R, Judge Smith also concluded that the DEA took steps which were "reasonably calculated under the circumstances to provide notice of the administrative forfeiture proceedings to [Defendant]. . ." and that Defendant had actual notice of the seizure. (Doc. # 734 at 8–11). Accordingly, Judge Smith found that Defendant was not entitled to relief under the Due Process Clause of the Fifth Amendment. (*Id.* at 11).

#### 1. *The United States made a Reasonable Effort to Provide Notice*

Defendant first Objects to the R&R, by arguing that the United States has presented no evidence that it mailed notice to him while he was at the Campbell County Detention Center. (Doc. # 735 at 5–6). This statement is false, the United Staes did

7

present evidence that it attempted to provide Defendant with notice of the forfeiture in the form of two affidavits form DEA agents, stating that notice was sent to all interested parties. (Doc. # 699-2). Additionally, the DEA published notice of the forfeiture for thirty days. (*Id.*).

To satisfy Due Process, the United States does not have to demonstrate that the Defendant had actual notice, rather the United States can defend the constitutional validity of its attempt to provide notice "on the ground that it is itself reasonably certain to inform those affected." *Dusenbery v. United States*, 534 U.S. 161, 170 (2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). As Judge Smith stated, "mailing notice of forfeiture proceedings by certified mail to a correctional facility where a prisoner is housed has specifically been found to be sufficient to meet constitutional due process requirements." (Doc. # 734) (collecting cases). This is precisely what the DEA did. (Doc. # 699 at 2).

Defendant cites to *Jones v. Flowers* to support the proposition that "a single mailing, particularly to an incarcerated individual, is often insufficient to satisfy due process requirements." (Doc. # 735 at 7–8 (citing 547 U.S. 220, 225 (2006))). Defendant argues that the DEA should have taken "additional steps to ensure notice was received . . . ." (Doc. # 735 at 8). He cites to *United States v. Huggins*, where the Eleventh Circuit Court of Appeals held that "where the government knows that its notice of forfeiture has not been received by a custodial defendant, due process requires that it make reasonable additional efforts to notify him." (*Id.* at 8 (citing 607 F. App'x 904, 907 (11th Cir. 2015))). Even if the Court were to find that *Huggins* is persuasive, it is inapplicable. Here, unlike in *Huggins*, the DEA did not know that notice had not been received. Indeed, the DEA

8

had strong evidence that notice had been received given the fact that it received return receipts for the certified mail (Doc. # 699 at 2), and that the Defendant attempted to challenge the forfeiture by petitioning for remission. (*Id.* at 4). Therefore, Defendant's Objections that the DEA did not demonstrate reasonable effort to provide notice and that it was improper to rely on a single mailing, are **overruled**.

### *2. Defendant's Publication Argument is Irrelevant*

Finally, Defendant argues that Judge Smith's finding that his publication argument was irrelevant is erroneous. (Doc. # 735 at 8–9). He argues that publication notice must always be done properly because it is a "critical backup when personal notice fails." (*Id.*). However, Defendant cites no binding caselaw to this effect. (*See id.*). On the contrary, as Judge Smith pointed out, due process was satisfied because notice was sent to Defendant via certified mail. (Doc. # 734 at 10). Whether the DEA's publication procedures were themselves adequate is irrelevant because Defendant's actual notice by itself satisfies due process.

> [W]hen, as is the case here, due process is satisfied because notice was sent via certified mail to [Defendant] at the correctional facility where he was housed, the adequacy of a concurrent publication of the notice is essentially rendered irrelevant for purposes of due process. The certified mail provided [Defendant] with all the notice that was required by due process.

*Cooper v. United States*, No. 3:17-1590, 2018 WL 5728547 at *3 (M.D. Tenn. Aug. 30, 2018). Whether publication must always be done properly in order to satisfy due process is beside the point however, because the record reflects that the DEA did in fact publish notice of the forfeiture for thirty days. (Docs. # 699 at 4 and 699-2). Accordingly, this Objection is **overruled**.

## IV. CONCLUSION

Accordingly, **IT IS ORDRED** that:

(1)   Defendant's Motion for Return of Property (Doc. # 698) is **DENIED**;

(2)   Defendant's Objections (Doc. # 735) to Judge Smith's Report and Recommendation are **OVERRULED**;

(3)   Judge Smith's Report and Recommendation (Doc. # 734) is **ADOPTED** as the findings of fact and conclusions of law of the Court;

(4)   This matter is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket; and

(5)   This is a **FINAL AND APPEALABLE ORDER**.

This 30th day of June, 2025.



Signed By:
*David L. Bunning*
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Covington Criminal\2019\19-33-1 Order Adopting R&R DE 734.Docx